## 9011

### *EX PARTE* CUDD.

### WERTZ v. WERTZ *ET AL.*

(84 S. E. 411.)

PARTITION.  SALE.  REFUSAL OF PURCHASER TO PERFORM.  LIABILITY.

A purchaser at partition sale of a tract in gross may not be relieved from liability on the ground that a part of the tract had been taken to widen a street, where no one having the right so to do had given any part for a street, and where the municipality had never acquired the same by condemnation.

Before PRINCE, J., Spartanburg, September, 1913.  Affirmed.

Action for partition by Margaret M. Wertz, as executrix, and in her own right, against J. B. Wertz and others. From an order compelling R. E. Cudd, purchaser, refusing to perform his purchase, to pay the loss sustained on a resale, he appeals.

The following is the order of Circuit Judge Prince:

The plaintiff and defendants were tenants in common of a lot of land on North Liberty street, in the city of Spartanburg.   It was left to them by their father and grandfather, J. B. Wertz, at the termination of a life estate given in the will of said J. B. Wertz to his wife, Maggie L. Wertz. This action was brought for the purpose of partition, and under a decree of the Court the property was advertised and exposed for sale by the master on November 4, 1912. At that sale R. E. Cudd bid the property off for $7,600. He subsequently refused to comply, claiming that the property was eight feet less in depth than advertised and as

FOOTNOTE.—As to how far purchaser at a judicial sale is protected, and when he will be compelled to complete the purchase, see note in 21 L. R. A. 33.  As to existence of easement for public highway as a breach of covenant against encumbrances, see note in 34 A. & E. Ann. Cas. 1914d, 1011, and 48 L. R. A. (N. S.) 619.

stated by the master at the sale. The property was again
advertised by the master at the risk of Cudd and sold on
the 6th day of January, 1913, under the terms of the former
decree for $7,051 and at an additional cost of $10.30. The
master then petitioned this Court for a rule to show cause
against Cudd why he should not be required to pay into the
master's hands $549 difference in the price and $10.30
additional cost, with interest on same from January 6, 1913,
and interest on $7,600 from November 4, 1912, to January
6, 1913. Mr. Cudd made return that, when he was bidding
on the property in November he asked the master if he was
selling 143 feet, and that rough plat exhibited at said sale
represented that the lot was 143 feet deep; that he subse-
quently ascertained that the original plat, which had been
made by Stribling, surveyor, had been misplaced at the sale,
and that said plat showed by a dotted line across the front
end of said lot that eight feet had been cut off next to the
sidewalk for the purpose of widening the street; that he
understood that he was buying 143 feet back or west of said
line, and as a matter of fact there was only 135 feet back
of said line. At the hearing before me the master testified
orally that he did state to Mr. Cudd that he was selling
143 feet, and he also stated that he sold the lot as a whole,
and not by front foot or side foot.

It appears to my satisfaction that the heirs and dis-
tributees of J. B. Wertz did own 143 feet in depth from
the edge of the sidewalk, and that the master sold the same.
It has not been made to appear that any party having the
right so to do has ever given the city the right to the eight-
foot strip of land, nor has the city ever acquired same by
condemnation. This being the case, the master was sell-
ing, and would have conveyed to the purchaser, 143 feet as
advertised and as stated by him at the sale. The necessary
conclusion follows that Mr. Cudd must pay the difference
in the prices, which is $549, and also $10.30 additional cost
on the second sale, together with interest on both items from

January 6, 1913, and also legal interest on $7,600, the first bid, from November 4, 1912, to January 6, 1913, and also the costs of this proceeding, and it is so ordered. Let the master have the right to enter up judgment against R. E. Cudd for said sums.

*Messrs. John Gary Evans* and *R. B. Pasley,* for appellant, submit: *The rule of caveat emptor does not apply at judicial sales of property for partition; the officer making the sale is agent of the parties to the action, and his representations are binding upon them:* 86 S. C. 226; 58 S. C. 477. *Even when the misrepresentation was innocently made, as was in this case, and when it further appears that he relied not upon his own investigation and judgment, but upon such misrepresentation, and that it was the principal inducement to the purchase, he is entitled in an action brought against him for the purchase money, to relief which, according to the circumstances, consists in a pro tanto abatement of the purchase price or in a total recession of the contract:* 86 S. C. 228; 2 Hill 657; 41 S. C. 508. *The Courts will afford reasonable opportunity for the investigation of the titles to property sold under its order:* 86 S. C. 226; 69 S. C. 263.

*Messrs. Johnson, Nash, Lyles & Daniel,* for respondent.

March 1, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons set out in the order of his Honor, Judge Prince, Circuit Judge, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.